# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **TERRELL D'VONTA REYNOLDS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:25-cv-02145-DAE-SH** |
| | § | |
| **COVERT HUTTO,** | § | |
| *Defendant* | § | |
| | § | |

## ORDER

Before the Court are Plaintiff's Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed December 22, 2025.[1]

### I.    Background

Plaintiff Terrell D'Vonta Reynolds, proceeding *pro se*, brings this suit against Defendant Covert Hutto under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Complaint, Dkt. 1. Reynolds alleges that he visited the Covert car dealership on September 2, 2024, "to inquire about purchasing a vehicle." *Id.* ¶ 5. Reynolds alleges that Covert "ran Plaintiff's credit report," which "caused Plaintiff's credit score to drop significantly." *Id.* ¶¶ 6, 8. Reynolds contends that he suffered financial harm and "emotional and economic stress" from the inquiry into his credit report. *Id.* ¶ 9. He asserts one claim under § 1681b(f) of the FCRA, negligent misrepresentation, and unjust enrichment. Dkt. 1. Reynolds also moves to proceed in this case without having to prepay the filing fee or other costs. Dkt. 2.

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge David A. Ezra. Dkt. 3.

## II.     Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees or security. A plaintiff need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A court's determination of whether a party may proceed *in forma pauperis* must be based solely on economic criteria. *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024).

Based on Reynolds' representations in his financial affidavit, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Reynolds *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Reynolds also is advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## III.     Frivolousness Review Under Section 1915(e)

Because Reynolds has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2). A court shall dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious, fails to

2

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

The Complaint lacks sufficient factual detail for the Court to evaluate the plausibility of Reynolds' claims. *Iqbal*, 556 U.S. at 678. To determine whether he has alleged plausible claims, the Court **ORDERS** Reynolds to file a More Definite Statement answering the following questions **by March 6, 2026**:

1. Did you seek to obtain a loan from Covert to purchase a vehicle?

2. Did you give Covert permission to run a credit report?

3. Describe how Covert supplied false information for the guidance of others in their business.

4. Describe how Covert failed to exercise reasonable care or competence in communicating that a vehicle purchase was approved or in the process.

5. Describe how your reliance on Covert's representation that a vehicle purchase was approved or in process was reasonable.

6. How did Covert engage in fraud, duress, or taking an undue advantage?

7. What benefit did Covert obtain by fraud, duress, or taking an undue advantage?

The Court **WARNS** Reynolds that failure to fully comply with this Order by the deadline may result in the Court's recommendation that this case be dismissed.

**SIGNED** on February 16, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4