# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **TERRELL D'VONTA REYNOLDS,**<br>*Plaintiff* | § § § | |
| **v.** | § § § | **Case No. 1:25-cv-02145-DAE-SH** |
| **COVERT HUTTO,**<br>*Defendant* | § § § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE DAVID A. EZRA**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Terrell D'Vonta Reynolds' Complaint, filed December 22, 2025 (Dkt. 1), and More Definite Statement, filed March 4, 2026 (Dkt. 5).[1]

### I.    Background

Plaintiff Terrell D'Vonta Reynolds alleges that he visited the Covert car dealership in Hutto, Texas on September 2, 2024 "to obtain financing to purchase a vehicle." More Definite Statement, Dkt. 5 at 1; Complaint, Dkt. 1 ¶ 5. Reynolds alleges that he gave Covert permission to run his consumer credit report to determine whether he qualified for a car loan. Dkt. 5 at 1. It appears that Reynolds failed to qualify for the loan and did not purchase a car from Covert. Reynolds, who is proceeding *pro se*, alleges that running his credit report violated the Fair Credit Report Act ("FCRA") because he "received no goods, no financing, and no benefit." Dkt. 1 ¶ 11. He also asserts state law claims of negligent misrepresentation and unjust enrichment. *Id.* ¶¶ 13-15.

---

[1] The District Court referred this case to this Magistrate Judge for Report and Recommendation as to whether it should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge David A. Ezra. Dkt. 3.

Reynolds moved to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2). Dkt. 2. The Court granted his motion and ordered him to file a more definite statement to determine whether his claims should be dismissed for frivolousness under § 1915(e)(2). Dkt. 4.

## II.    Frivolousness Review Under Section 1915(e)

A court shall dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pleadings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

### A.  FCRA Claim

Reynolds alleges that Covert violated Section 1681b(f) of the FCRA when it obtained his credit report to determine whether he qualified for a car loan. Under that section, businesses are entitled to obtain a consumer credit report for any "permissible purpose" enumerated in the statute 15 U.S.C. § 1681b(f). Permissible purposes include obtaining a consumer report (1) in connection with a credit transaction "involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer," *id.* § 1681b(a)(3)(A); or (2) for a legitimate business need in connection with a business transaction initiated by the consumer. *Id.* § 1681b(a)(3)(F).

Reynolds alleges that he "went to Covert with the intent to obtain financing to purchase a vehicle" and "for the purpose of determining whether [he] qualified for a vehicle loan," and that he gave Covert permission to run his credit report. Dkt. 5 at 1. Covert obtained his credit report for a permissible purpose under the FCRA. 15 U.S.C. § 1681b(a); *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 842-43 (5th Cir. 2004). That Reynolds did not qualify for the loan does not mean that Covert violated the FCRA. He does not state a plausible claim for relief under that statute.

### B.  Common Law Claims

Reynolds also brings claims of negligent misrepresentation and unjust enrichment. Dkt. 1 ¶¶ 13-15. A district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c); *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 441 n.7 (5th Cir.), *cert. denied*, 146 S. Ct. 329, 223 (2025). When a court exercises its discretion to dismiss state law claims, it must do so without prejudice so that the plaintiff may refile in the appropriate state court. *Id.* This Magistrate Judge recommends that the District Court decline to exercise supplemental jurisdiction over Reynolds' state law claims and dismiss them without prejudice.

### III.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Reynolds' lawsuit without prejudice under 28 U.S.C. § 1915(e)(2)(B).

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David Ezra.

### IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The

District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

   **SIGNED** on March 16, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE